# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 6, 2012

No. 12-50189
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NOE CALDERA LAZO, also known as Noe Lazo Caldera,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-2170-1

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Noe Caldera Lazo appeals the upward variance sentence of 41 months of
imprisonment imposed after his guilty plea conviction for attempted illegal
reentry into the United States after removal and the improper use of another's
passport. He argues that the sentence was greater than necessary to effectuate
the goals of 18 U.S.C. § 3553(a). He argues that a sentence within the guidelines
range would have been sufficient but not greater than necessary to meet the
§ 3553(a) goals because he had not been convicted of the pending drug charges

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

considered by the district court; the guidelines range was high for the relatively minor offense; and the district court failed to consider his cultural assimilation and his benign motive for returning to the United States of being with his family.

The district court considered Caldera Lazo's arguments for a guidelines sentence, including his acceptance of responsibility, his cultural assimilation, his plans to remain in Mexico after release, and his young age at the time he committed his prior offenses. The district court was concerned that Caldera Lazo returned to the United States within two years after his removal and that he had pending charges in Washington for possession of drugs with intent distribute. The district court determined that an upward variance to 41 months was warranted based on the § 3553(a) factors, including the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; to afford adequate deterrence to criminal conduct; and to protect the public. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *See United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted). Caldera Lazo essentially seeks to have his sentence vacated based on a reweighing of the § 3553(a) factors by this court, which appellate courts should not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007). There is nothing in the record that indicates that the district court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Further, the extent of the variance was reasonable. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 805-08 (5th Cir. 2008); *Brantley*, 537 F.3d at 348-50; *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006).

AFFIRMED.